## J. Irving Pearce v. Daniel W. Vittum.

1. PRACTICE—*Exception without Objection.*—An exception to evidence after admission, without an objection or motion to exclude, and a ruling of the court upon such objection or motion, is ineffective to preserve the question for review of this court.

Replevin.—Error to the Circuit Court of Fulton County; the Hon. JOHN J. GLENN, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

LUCIEN GRAY and O. J. BOYER, attorneys for plaintiff in error; SIMEON P. SHOPE, of counsel.

CHIPERFIELD & CHIPERFIELD, attorneys for defendant in error.

Mr. Presiding Justice Wright delivered the opinion of the court.

This was an action of replevin by the plaintiff in error against defendant in error for six head of horses, all having been delivered by the sheriff to the plaintiff under the writ except one, for which the action was converted to trover. The trial resulted in the jury finding the issues for the defendant, and the court, after having overruled the plaintiff's motion for a new trial, gave judgment against him for a return of the property and for costs, to reverse which this writ of error is prosecuted, and the reasons argued for such reversal are that the court erred in giving judgment for a return of the property, admitted improper evidence, and gave the jury wrong instructions. The defense to the action mainly relied upon, was, in effect, that the stock in question was delivered to the defendant by the plaintiff to be by the former agisted, fed and cared for, and that defendant did these things for the plaintiff, whereby he became indebted to the defendant in the sum of upward of $1,200, for which the latter claimed a lien upon the stock so cared for. The evidence of the parties was not in harmony as to the reasonableness of the charges, but there is little question that defendant was entitled to receive from the plaintiff a balance of some amount due for the services rendered him, and for such sum was entitled to a lien upon the animals so cared for until such reasonable sum was paid. We have examined the objections to the instructions pointed out by counsel in their argument, but find no prejudicial errors in these respects. The objection to the third instruction is that it does not submit to the jury the question of the knowledge or request of the plaintiff in respect to the services rendered. There was, we think, no sufficient dispute as to those points arising from the evidence, to make this omission in the instruction harmful. There was, as stated before, dispute between the parties as to the actual amount due, and concerning a certain one thousand dollar note of the defendant to the plaintiff, and concerning interest upon such note at a particular

Pearce v. Vittum.

time, and upon this point the court instructed the jury that if they believed from the evidence that the plaintiff was indebted to the defendant in an amount equal to or in excess of the interest due on the note, and at no time thereafter did the interest equal the amount of the indebtedness of the plaintiff to the defendant on open account, then in making application of the payment, as evidenced by such account, the account shall be first applied to the reduction of the interest due, and all sums in excess of interest should be credited upon the principal; and to such instruction plaintiff objects that it does not require the defendant to present his account, or claim a credit of the amount thereof, to the holder thereof.    We do not perceive, however, wherein plaintiff was prejudiced by this, for if the account was due he would at least be entitled to a credit upon the note for the amount thereof at the time it was due, and to apply the account upon the interest, as the instruction required, would be more favorable to the plaintiff than to have it applied upon the principal.    It may be true that no account was ever rendered. by the defendant to the plaintiff, as the latter insists, but even if this is so, it does not deprive defendant of the benefit of his dues, whatever they may have been.    It is as much the part of a debtor as it is of the creditor to take notice of his obligations.    In truth it is the duty of the debtor to seek his creditors for the purpose of discharging his debt.    It is objected that the fifth instruction does not direct the jury to find the amount of the lien.    If plaintiff desired the jury to make this specific finding he should himself have requested the court to give such instruction.    The objection to the sixth instruction is, in effect, the same as to the third, and for reasons already pointed out, is invalid.

It is also insisted the court erred in the admission in evidence of the memoranda, or bill of particulars, of defendant's account.    The abstract of the record does not disclose that this paper was admitted in evidence.    It was defendant's bill of particulars of his account filed in the case, and the court expressly ruled that it was not admitted in evi-

dence but might be shown to the jury. No objection was made to this, but after it was done plaintiff excepted. An exception to evidence after admission, without an objection or motion to exclude, and a ruling of the court upon such objection or motion, is ineffective to preserve the question for review in this court. But apart from this the bill of particulars was but shown to the jury like any pleading might be, not as evidence, but as the basis upon which the evidence might be admitted and considered.

Upon cross-examination of one of the defendant's witnesses plaintiff asked the value of the animal not delivered to him upon the writ of replevin, to which the court sustained an objection, and this is claimed for error. Had plaintiff desired to go into the subject of the value of the animal under the trover count, which was his right, he should have done so affirmatively, and not upon the cross-examination of the defendant's witnesses, and there was no error in sustaining the objection at that time.

The objection to the judgment that was rendered by the court is that it is not in the alternative, as permitted by the statute, to pay defendant's reasonable charges, or return the property. No demand or request was made by plaintiff of court or jury to find the amount of the defendant's claim and it was not done. The verdict was general, and so returned by the stipulation of the parties, including the further agreement that the court upon such verdict would render a proper judgment for the successful party, in accordance with the practice regulating judgments in cases of replevin. No motion or request was made in the trial court to enter an alternative judgment, or a judgment in accordance with the stipulation, or any judgment different from the one that was entered. Had such motion or request been made, no doubt can be entertained the court would have ascertained the amount due to the defendant and given judgment accordingly in the alternative. The question is made in this court for the first time, and can not for that reason be considered. Had the trial court been asked to render such judgment, and failed

to do it, we then might in this court render the proper judgment, or remand the cause to that court with directions to do so; but in the condition we find the record the judgment must and will be affirmed.